MORGAN, LEWIS & BOCKIUS LLP
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Nicolette Young, Bar No. 280810
nicolette.young@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
ADP, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaza Home Mortgage, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Automated Data Processing, a Delaware corporation doing business as ADP, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **'20 CV 1352 WQH DEB**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT ADP, INC.**<br><br>Date Complaint Filed:<br>   March 16, 2020<br>Date Complaint Served on Defendant:<br>   June 16, 2020<br>Notice of Removal Filed:<br>   July 16, 2020 |

**TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, ADP, Inc., f/k/a ADP, LLC ("ADP"), by and through its counsel, removes the above-entitled action from the Superior Court of the State of California, County of San Diego to the United States District Court, Southern District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On March 16, 2020, Plaintiff Plaza Home Mortgage, Inc. filed a complaint for damages in the Superior Court of the State of California, County of San Diego, entitled *Plaza Home Mortgage, Inc., a California corporation, Plaintiff v. Automated Data Processing, a Delaware corporation doing business as ADP, LLC; and DOES 1 through 20, inclusive*, Case No. 37-2020-00016686-CU-BC-CTL (the "Complaint").

2. The Complaint alleges eight causes of action: : (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Express Indemnity; (4) Equitable Indemnity; (5) Negligence; (6) Unfair Business Practices (Bus. & Prof. Code § 17200 et seq.; (7) Contribution; and (8) Declaratory Relief.

3. Plaintiff filed the Action as an unlimited civil case (exceeds $25,000) and seeks compensatory damages; incidental, consequential, and non-economic damages; attorneys' fees; costs of suit; pre- and post-judgment interest; and indemnification from all third party liabilities arising from the alleged misconduct of ADP.

4. Plaintiff served Defendant ADP with the Complaint on June 16, 2020. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct

copy of the Summons, Complaint, and all accompanying documents served upon ADP in the Action.

## II.  REMOVAL IS TIMELY

5. ADP was served with the Complaint on June 16, 2020.  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III.  THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.  Removal Under U.S.C. § 1332(a)(1) Is Proper

6. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed by ADP pursuant to 28 U.S.C. § 1441(a) and (b).  This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### B.  Diversity of Citizenship Exists

7. A case may be heard in federal court under diversity jurisdiction if there is complete diversity; i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a), (b).  Here, all requirements are met because Plaintiff is a citizen of California, while ADP is a citizen of Delaware and New Jersey.

8. For purposes of diversity, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject

matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities….[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

9. Defendant ADP is, and was at all relevant times, incorporated in the State of Delaware with its principal place of business in the State of New Jersey. Ex. A (Compl. ¶ 2). Thus, for purposes of jurisdiction, Defendant ADP is a citizen of Delaware and New Jersey, and no other state. 28 U.S.C. § 1332(c)(1).

10. The citizenship of "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove.

11. Plaintiff admits that it is a "California corporation with its headquarters in San Diego, California." Ex. A (Compl. ¶ 1). The Complaint does not allege any alternate state citizenship. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

12. Accordingly, the minimal diversity requirement is satisfied given that Plaintiff is a citizen of California, and Defendant ADP is a citizen of Delaware and New Jersey. The requirements for diversity jurisdiction as set forth in 28 U.S.C. § 1441(b) are met because Plaintiff and Defendant are citizens of different states.

## C. The Amount in Controversy Exceeds $75,000

13. Federal District Courts have original jurisdiction over civil actions when the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a). To satisfy the amount-in-controversy

requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Case law is clear that "[t]he amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith. Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015); *see also Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015) ("[A] removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.") (citation omitted).

14. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

15. Although ADP denies Plaintiff's factual allegations and denies that it is liable for any amount of damages, the amount in controversy based on Plaintiff's claims and allegations in the Complaint exceeds $75,000, exclusive of interest and costs. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376-77 (1997).

16. Plaza alleges that ADP's payroll software "failed to capture missed meal periods and compensate for the missed meal period premiums." Ex. A (Compl. ¶ 14). Plaza alleges that three lawsuits were filed by Plaza employees against Plaza based on these alleged failures: *Leslie McDonough v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No. 37-2018-00020121-CU-OE-CTL ("*McDonough v. Plaza*"); *Mario R. Guerrero v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 114665853.1

County of San Diego, Case No. 37-2018-00027882-CU-DE-CTL ("*Guerrero v. Plaza* individual action"); and *Mario R. Guerrero, et al. v. Plaza Home Mortgage, Inc.*, Superior Court for the State of California, County of Imperial, Case No. ECU001150 ("*Guerrero v. Plaza* class action") (collectively, the "Lawsuits Against Plaza").[1]  Ex. A (Compl. ¶ 15).  True and correct copies of the Complaints in the Lawsuits Against Plaza are attached hereto as **Exhibit B** (*McDonough v. Plaza*), **Exhibit C** (*Guerrero v. Plaza* individual action), and **Exhibit D** (*Guerrero v. Plaza* class action).

17. Plaza contends that "ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints."  Ex. A (Compl., Prayer for Relief ¶ 6).

18. Upon ADP's information and belief, the defense costs alone for the Lawsuits Against Plaza would exceed $75,000.  Plaza has already filed answers, motions to consolidate, and a motion for a preliminary injunction.  The dockets for the Lawsuits Against Plaza are attached as **Exhibit E**.

19. Moreover, taking the allegations in the Lawsuits against Plaza as true solely for purposes of establishing the amount in controversy, ADP is informed and believes that Plaza's claims for indemnification would exceed $75,000.

20. For example, the *Guerrero v. Plaza* class action complaint alleges (1) Violation of California Labor Code §§510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period

---

[1] On or around January 24, 2020, Guerrero dismissed his complaint and filed a new class-action complaint.

Premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of California Business & Professions Code §§ 17200, et seq.; and (8) Violation of Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004). *See generally* Ex. D (*Guerrero v. Plaza* class action complaint). The *McDonough v. Plaza* action and the *Guerrero v. Plaza* individual action allege similar causes of action. *See generally* Exs. B and C.

21. The *Guerrero v. Plaza* class action complaint alleges a proposed class as follows: "All current and former hourly-paid or non-exempt employees who worked PLAZA HOME MORTGAGE, INC. within the State of California at any time during the period from April 23, 2014 to final judgment." Ex. D (*Guerrero v. Plaza* Class Action Complaint ¶ 14). It estimates the class members to be greater than fifty (50) individuals. *Id.* ¶ 16(a).

22. Based on the *Guerrero v. Plaza* class action's estimate that the purported class includes at least 50 members, the amount in controversy requirement would be met even if those plaintiffs sought only $1,500 per class member. Because plaintiffs seek unpaid overtime, unpaid meal premiums, unpaid rest period premiums, unpaid minimum wages, and final wages not timely paid for each class member over a six year period, it is more likely than not that Plaza's damages will exceed more than $1,500 per class member at issue, and that Plaza's indemnification claim will exceed $75,000. *See generally id.*

23. Moreover, the eighth cause of action in the *Guerrero v. Plaza* class action complaint, Violation of Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004), seeks statutory penalties as follows: Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation,

and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; Penalties under California Code of Regulations Title 8 section 11070 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation; Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. *Id.* ¶ 109. Even assuming Plaza violated these statutes just four times per class member over the alleged six-year class period, the statutory penalties would total $88,150.

24. Plaintiff also seeks an award of attorneys' fees. Ex. A (Prayer for Relief ¶ 3). ADP denies Plaintiff's entitlement to attorneys' fees, but note that attorneys' fees could further add to the jurisdictional amount. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) (noting that where the law entitles the plaintiff to an award of attorneys' fees if successful, "such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").

25. Moreover, on information and belief, Plaza has discussed settling one or all of the Lawsuits Against Plaza for an amount around $1 million.

26. Accordingly, the jurisdictional amount needed to establish diversity jurisdiction is met. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), and the Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## IV. VENUE

27. This action was originally filed in the Superior Court for the County of San Diego. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

28. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

29. Based on the foregoing, Defendant removes this Action to this Court. If any question arises as to the propriety of the removal of this Action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: July 16, 2020                MORGAN, LEWIS & BOCKIUS LLP


By /s/ *Joseph Duffy*
Joseph Duffy
Attorneys for Defendant
ADP, INC.