# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/16/2020
CT Log Number 537797587

TO: Alice Quinn, Subpoena Recipient
Automatic Data Processing, Inc.
MAIL STOP #325, ONE ADP BOULEVARD
ROSELAND, NJ 07068

RE: **Process Served in Delaware**

FOR: Automatic Data Processing, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | PLAZA HOME MORTGAGE, INC., etc., Pltf. vs. Automatic Data Processing, Inc., etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 37202000016686CUBCCTL |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, Wilmington, DE |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/16/2020 at 10:59 |
| JURISDICTION SERVED : | Delaware |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/16/2020, Expected Purge Date: 06/21/2020<br><br>Image SOP<br><br>Email Notification,  Alice Quinn  alice.quinn@adp.com |
| SIGNED:<br>ADDRESS: | The Corporation Trust Company<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| For Questions: | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Exhibit A
Page 000010



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Jun 16, 2020

**Server Name:**             Blue Marble

**Location:**                Wilmington, DE

| Entity Served | AUTOMATIC DATA PROCESSING, INC. |
|---|---|
| Agent Name | THE CORPORATION TRUST COMPANY |
| Case Number | 37-2020-00016686-CU-BC-CTL |
| Jurisdiction | DE |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTOMATED DATA PROCESSING, INC., a Delaware corporation doing business as ADP, LLC; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PLAZA HOME MORTGAGE, INC., a California corporation

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/16/2020** at 05:26:42 PM<br>Clerk of the Superior Court<br>By Lee McAlister, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>County of San Diego, Central Division<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2020-00016686-CU-BC-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John D. Alessio, Esq. / Zagros S. Bassirian, Esq.
PROCOPIO CORY HARGREAVES & SAVITCH, LLP
525 B Street, Suite 2200, San Diego, CA 92101, 619.238.1900

| DATE:<br>*(Fecha)* 05/28/2020 | Clerk, by<br>*(Secretario)* | *L. McAlister*<br>L. McAlister | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AUTOMATED DATA PROCESSING, INC., A DELAWARE CORPORATION DOING BUSINESS AS ADP, LLC
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

*Page 1 of 1*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

John D. Alessio (Bar No. 174900)
Zagros S. Bassirian (Bar No. 299581)
PROCOPIO, CORY, HARGREAVES
& SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Email: john.alessio@procopio.com
        zag.bassirian@procopio.com

Attorneys for Plaintiff,
Plaza Home Mortgage, Inc.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/16/2020** at 05:26:42 PM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO - CENTRAL

| | |
|---|---|
| PLAZA HOME MORTGAGE, INC., a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>AUTOMATED DATA PROCESSING, INC., a Delaware corporation doing business as ADP, LLC; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.   37-2020-00016686-CU-BC-CTL<br><br>**COMPLAINT FOR:**<br><br>1.   **BREACH OF CONTRACT;**<br>2.   **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>3.   **EXPRESS INDEMNITY;**<br>4.   **EQUITABLE INDEMNITY;**<br>5.   **NEGLIGENCE;**<br>6.   **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE § 17200 *ET SEQ.*;**<br>7.   **CONTRIBUTION; AND**<br>8.   **DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff PLAZA HOME MORTGAGE, INC., a California corporation ("**Plaza**"), hereby

2    complains and alleges as follows:

3                                    **THE PARTIES**

4          1.    At all times herein mentioned, Plaza was and is a California corporation with its

5    headquarters in San Diego, California.

6          2.    Plaza is informed and believes, and on that basis alleges, that Defendant

7    AUTOMATED DATA PROCESSING, INC., is a Delaware corporation doing business as ADP,

8    LLC ("**ADP**") with its headquarters in Roseland, New Jersey.   Plaza is further informed and

9    believes, and on that basis alleges, that ADP at all times mentioned herein was doing business in

10   the State of California, including from ADP's San Diego office located at 1450 Frazee Road, San

11   Diego, CA 92108.

12         3.    The true names and capacities, whether individual, corporate, or otherwise of the

13   defendants named in this Complaint as DOES 1 through 20, inclusive, are unknown to Plaza. Plaza

14   is informed and believes, and on that basis alleges, that each defendant named herein as a DOE

15   contributed to or caused Plaza's alleged damages.   Plaza will move to amend this Complaint when

16   the true names and capacities of said fictitiously named defendants have been ascertained.

17         4.    From time to time, ADP and DOES 1-20, inclusive, shall be collectively referred to

18   as "**Defendants**."

19         5.    Plaza is informed and believes, and on that basis alleges, that Defendants were

20   acting as an agent, conspirator, partner, joint venturer, alter ego, and/or employee of each other,

21   and that all acts alleged herein occurred within the course and scope of said agency, employment,

22   partnership, joint venture, conspiracy or enterprise, and with the express and/or implied permission,

23   knowledge, consent, authorization and ratification of the other; however, each of these allegations

24   are deemed "alternative" theories whenever not doing so would result in a contradiction with the

25   other allegations.

26                              **JURISDICTION AND VENUE**

27         6.    This action is properly before this court as Plaza's causes of action arose and

28   accrued in the State of California, County of San Diego.

DOCS 115723-000036/3963988.2                                      CASE NO.

7.      Jurisdiction over all causes of action asserted in this Complaint is proper pursuant to the California Constitution, Article VI, Section 10 and California Code of Civil Procedure section 410.10 because the acts and omissions alleged herein were committed in the State of California, because this is a civil action wherein the matter in controversy, exclusive of interest, exceeds $25,000, and because the causes of action alleged herein are not given by statute to other trial courts.

8.      Venue is proper in this Court pursuant to California Code of Civil Procedure section 395.5 because: the 2017 Agreement (defined below) was entered into and/or was to be performed within the County of San Diego, California; and/or Defendants' liability arises, and their breaches occurred, within the County of San Diego, California.

**GENERAL ALLEGATIONS**

9.      As a result of ADP's negligently designed and implemented payroll software, Plaza suffered harm and was damaged in an amount significantly in excess of the jurisdictional limit.

10.     ADP is a payroll and human resources services provider that offers businesses a one-stop shop for all of their compliance needs, and Plaza relied on ADP's expertise and paid significant sums for that service. ADP represents itself as a leader in time and attendance and compliance services. One "frequently asked question" on ADP's website is: "Why would I want ADP to process payroll for me?" ADP's answer: "In addition to taking work off your plate and freeing up time for you and your staff, ADP stays on top of changing rules and regulations – to help keep you compliant and protect you from potential fines and penalties."[1] ADP also states: "ADP payroll services help you save time with these convenient features: Automated and error-free online payroll processing."[2] "We've got your back for compliance and more. Rest easier, knowing that your payroll is always accurate, on time and in compliance. Our 2,500+ compliance and support specialists make it their job to stay on top of regulations – so you don't have to. You'll know you're in compliance with local, state, federal and global payroll and tax regulations, tax reform, overtime rules, FLSA, Health Care Reform, EEOC, new-hire reporting and much more."[3]

[1] https://www.adp.com/what-we-offer/payroll.aspx
[2] https://www.adp.com/what-we-offer/payroll.aspx
[3] https://www.adp.com/what-we-offer/payroll/payroll-for-50-1000-plus-employees.aspx#tab-a79cea99-f851-45ea-

3

DOCS 115723-000036/3963988.2                                                              CASE NO.

11.     One of ADP's offered services is to create personalized employee handbooks based on federal and state employment laws, touting meal and break periods as a "must have" policy. ADP advises:

> A policy on meal and break periods informs employees of the frequency and duration of breaks as well as any rules or restrictions related to break periods.  Rest periods, lactation breaks, and meal periods must be provided in accordance with the Fair Labor Standards Act (FLSA) and state and local laws.[4]

12.     Under California law, when an employer fails to provide a proper meal break to a nonexempt employee, the premium (penalty) owed is one hour of extra pay for each work day that this occurs.

13.     Contrary to ADP's representations of error-free payroll processing, Plaza learned that ADP's payroll software was negligently designed and implemented, resulting in ADP's failure to accurately capture meal period premiums.  Plaza employees entered their time in the ADP "TA Module," and ADP assigned a pay code based on the data provided.  ADP programed the pay codes, and the pay codes dictated how the employees were paid.  In September of 2016, Plaza notified ADP that ADP was not identifying missed meal periods and recognizing the need to pay those premiums. As a result of Plaza's complaint,   ADP advised that changes were made "to comply with the Meal Period law for California."

14.     After the pay code changes were allegedly implemented to comply with the California wage and hour laws, Plaza later discovered that ADP's payroll software still failed to capture missed meal periods and compensate for the missed meal period premiums.

15.     On or around April 12, 2018, Plaza put ADP on notice of a wage and hour demand from counsel representing multiple Plaza ex-employees.  Thereafter, on or around April 23, 2018, Leslie McDonough filed a class action complaint against Plaza alleging seven causes of action, including the violation of Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums).[5]  On or

---

8aa8-74c9970d7f7b-3

[4] https://www.adp.com/-/media/Accountant/docs/Employee-Handbooks-eBook-2017-portal-version.ashx

[5] *Leslie McDonough v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No: 37-2018-00020121-CU-OE-CTL.

around June 6, 2018, Mario Guerrero filed a separate representative action pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code §§ 226.7 and 512(a).[6]

16.     Plaza provided copies of the McDonough and Guerrero complaints to ADP and requested that ADP confirm it would honor its agreement to indemnify, defend, and hold Plaza harmless pursuant to the terms of their agreement.  ADP breached their obligations to Plaza including without limitation their breach of the 2017 Agreement by refusing to indemnify, defend, and hold Plaza harmless.  ADP responded by saying ADP had the accurate design to comply with the legal and regulatory requirements of California law, however, ADP claimed Plaza "failed to give instructions to implement it."

17.     When Plaza began using ADP's services, ADP did not ask Plaza to select the laws it wanted ADP to incorporate into its services. Further, ADP never informed Plaza that it would not implement aspects of California wage and hour laws, including, without limitation, meal period penalties, unless specifically requested to do so.

18.     Subsequent to the filing of the McDonough and Guerrero complaints, Plaza uncovered additional meal period flagging errors by ADP for the period of time after ADP confirmed changes were made to Pay Class CAHRLY, CAPTHRLY, and CATEMPHRLY "to comply with the Meal Period law for California."  Specifically:

(a) If an employee never entered a meal period and simply entered a full day of work, ADP failed to identify a meal period violation.  For example, an employee's time entry of 8:00 a.m. to 4:00 p.m. would not result in ADP flagging a meal period violation for the missed meal period;

(b) ADP failed to flag missed and short second meal periods.  This affected a group of employees who worked shifts longer than 10 hours;

(c) "Short" meal periods that were between 20-29 minutes in length did not result in a meal period premium payment;

(d) Employees were not paid for late meal periods that were taken at 5 hours and 1 minute

---

[6] *Mario R. Guerrero v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No.: 37-2018-00027882-CU-DE-CTL.

DOCS 115723-000036/3963988.2                                                            CASE NO.

1    (or more) into the employee's shift. A meal period that starts 5 hours and 1 minute into the

2    shift would be considered "late" and should have resulted in ADP flagging the late meal

3    period so Plaza could pay the employee a meal period premium payment.

4    19.    On or around January 24, 2020, Guerrero dismissed his complaint and filed a new

5    class-action complaint along with McDonough, alleging unpaid meal period premiums.[7] The cases

6    were combined into one.

7    ## KEY TERMS OF THE AGREEMENT

8    20.    On May 22, 2017, Plaza and ADP entered into the ADP Workforce Now

9    Comprehensive Services Master Services Agreement, including an Addendum thereto (the "**2017**

10   **Agreement**"). Key terms of the 2017 Agreement include, without limitation:

12   Section 2.A. Services: ….ADP will provide the Services in a good, diligent and

13   professional manner in accordance with industry standards, utilizing personnel with

14   a level of skill commensurate with the Services to be performed.

16   Section 2.E.ii. Design of the Services: ADP will design the Services, including the

17   functions and processes applicable to the performance of the Services, to assist the

18   Client in complying with its legal and regulatory requirements applicable to the

19   Services, and ADP will be responsible for the accuracy of such design.

21   Section 7.C. General Indemnity:…ADP will indemnify, defend and hold Client

22   harmless from and against any and all third party liabilities, claims, penalties,

23   damages, forfeitures, suits, and the costs and expenses incident thereto (including

24   the costs and expenses of defense, settlement and reasonable attorneys' fees),

25   arising from the negligence or willful misconduct of ADP in its performance of the

26   Services….

---

[7] *Mario R. Guerrero, et al. v. Plaza Home Mortgage, Inc.*, Superior Court for the State of California, County of Imperial, Case No.: ECU001150.

DOCS 115723-000036/3963988.2                                                              CASE NO.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (By Plaintiff against Defendants and DOES 1-20)

21.     Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

22.     On or about May 22, 2017, Plaza and ADP entered into the 2017 Agreement, wherein ADP agreed to provide Services to Plaza pursuant to the terms stated therein.

23.     Plaza has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the 2017 Agreement.

24.     Defendants have breached the 2017 Agreement by failing to provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.

25.     Defendants have breached the 2017 Agreement by refusing to indemnify, defend, and hold Plaza harmless from any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident.

26.     As a proximate result of Defendants' breach of the 2017 Agreement, as alleged herein, Plaza has been damaged in an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs as allowed by law.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (By Plaintiff against Defendants and DOES 1-20)

27.     Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

28.     The agreements between the Parties imposed upon each party an implied covenant of good faith and fair dealing requiring that neither party do anything that would injure the right of

7

COMPLAINT

the others to receive the bargained-for benefits of that agreement.

29.     Plaza did all, or substantially all, of the significant things that the agreements to include the 2017 Agreement required.

30.     Plaza is informed and believes, and on that basis alleges, that by reason of the foregoing conduct and other past and present conduct, Defendants have unfairly interfered with Plaza's right to receive the benefits of their relation to include the 2017 Agreement, and Defendants have unreasonably breached the implied covenant of good faith and fair dealing thereby preventing the parties from achieving the purpose of the agreement to include the 2017 Agreement.

31.     As a proximate result of Defendants' wrongful conduct, Plaza has suffered injury and damage in an amount to be proven at trial and in an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees and costs as allowed by law.

## THIRD CAUSE OF ACTION

### (Express Indemnity)

### (By Plaintiff against Defendants and DOES 1-20)

32.     Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

33.     On or around May 22, 2017, Plaza and ADP entered into the 2017 Agreement, whereby ADP agreed to indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident.   Prior agreements with ADP contained similar obligations.   The 2017 Agreement superseded prior agreements.

34.     Thereafter, due to ADP's negligence and/or willful misconduct, ADP failed to provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.

35.     On or around April 12, 2018, Plaza put ADP on notice of a wage and hour demand

8

DOCS 115723-000036/3963988.2                                                                CASE NO.

Exhibit A
Page 000020

1  from counsel representing multiple Plaza ex-employees.

2      36.    On or around April 23, 2018, Leslie McDonough filed a class action complaint

3  against Plaza alleging seven causes of action, including the violation of Labor Code §§ 226.7 and

4  512(a) (unpaid meal period premiums).

5      37.    On or around June 6, 2018, Mario Guerrero filed a separate representative action

6  pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code

7  §§ 226.7 and 512(a).

8      38.    On or around January 24, 2020, Guerrero dismissed his complaint and filed a new

9  class-action complaint along with McDonough, alleging unpaid meal period premiums.

10      39.    If McDonough and Guerrero sustained damages as alleged in their complaints, these

11  damages were caused, entirely or in part, by Defendants' negligently and/or intentionally designed

12  and implemented software, and the alleged damages are due to no fault of Plaza.

13      40.    Plaza gave written notice to ADP of the commencement of the McDonough and

14  Guerrero complaints, requesting ADP honor its agreement to indemnify, defend, and hold Plaza

15  harmless pursuant to the terms of the 2017 Agreement.  ADP refused to indemnify, defend, and

16  hold Plaza harmless pursuant to the terms of the 2017 Agreement.

17      41.    Plaza has performed all the conditions and obligations to be performed on its part

18  under the 2017 Agreement.

19      42.    By reason of the foregoing, Plaza is entitled to indemnity from Defendants for all

20  claims, damages, and expenses arising out of or related to ADP's conduct as alleged herein, and in

21  an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs

22  as allowed by law.

23      **FOURTH CAUSE OF ACTION.**

24      **(Equitable Indemnity)**

25      **(By Plaintiff against Defendants and DOES 1-20)**

26      43.    Plaza incorporates by reference each and every allegation contained in each

27  paragraph above and below as though the same were set forth in full herein.

28      44.    On or around May 22, 2017, Plaza and ADP entered into the 2017 Agreement,

DOCS 115723-000036/3963988.2                                                CASE NO.

whereby ADP agreed to indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident.

45.     Thereafter, due to ADP's negligence and/or willful misconduct, ADP failed to provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.

46.     On or around April 12, 2018, Plaza put ADP on notice of a wage and hour demand from counsel representing multiple Plaza ex-employees.

47.     On or around April 23, 2018, Leslie McDonough filed a class action complaint against Plaza alleging seven causes of action, including the violation of Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums).

48.     On or around June 6, 2018, Mario Guerrero filed a separate representative action pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code §§ 226.7 and 512(a).

49.     On or around January 24, 2020, Guerrero dismissed his complaint and filed a new class-action complaint along with McDonough, alleging unpaid meal period premiums.

50.     If McDonough and Guerrero sustained damages as alleged in their complaints, these damages were caused, entirely or in part, by Defendants' negligently and/or intentionally designed and implemented software, and the alleged damages are due to no fault of Plaza.

51.     Plaza gave written notice to ADP of the commencement of the McDonough and Guerrero complaints, requesting ADP honor its agreement to indemnify, defend, and hold Plaza harmless pursuant to the terms of the 2017 Agreement.  ADP refused to indemnify, defend, and hold Plaza harmless pursuant to the terms of the 2017 Agreement.

52.     Plaza has performed all the conditions and obligations to be performed on its part under the 2017 Agreement.

53.     By reason of the foregoing, and in equity and good conscience, Plaza is entitled to

10

COMPLAINT

CASE NO.

indemnity from Defendants for all claims, damages, and expenses arising out of or related to ADP's conduct as alleged herein, and in an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs as allowed by law.

### FIFTH CAUSE OF ACTION.

#### (Negligence)

#### (By Plaintiff against Defendants and DOES 1-20)

54.    Plaza incorporates by reference each and every allegation contained in each paragraph above as though the same were set forth in full herein.

55.    Defendants owed Plaza a legal duty including the obligation to use ordinary care in providing the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.

56.    Defendants knew, or should have known through the exercise of reasonable and ordinary care, that failing to provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed could result in Plaza suffering the type of harm alleged herein.

57.    Defendants carelessly, unlawfully, negligently, and recklessly provided the Services to Plaza, including, without limitation, negligently designing and implementing software that failed to capture meal period violations in accordance with California law.

58.    Defendants breached their duty as specified herein, such breaches were negligent, and as a direct and proximate result of Defendants' wrongful acts, conduct, negligence, and want of ordinary and reasonable care, Plaza suffered harm and has been damaged in an amount to be proven at trial. Plaza's reasonably reliance on Defendants' acts and omissions as stated above was a substantial factor in causing Plaza harm. Plaza is entitled to recover from Defendants the damages suffered as a result of the wrongful acts and omissions in an amount to be proven at trial, significantly in excess of the jurisdictional limit.

DOCS 115723-000036/3963988.2

CASE NO.

## SIXTH CAUSE OF ACTION

**(Unfair Business Practices in Violation of Bus. & Prof. Code § 17200 *et seq.*)**

**(By Plaintiff against Defendants and DOES 1-20)**

59.     Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

60.     Defendants, and each of them, engaged in an unfair, unlawful or fraudulent business practice as described above, in violation of Business & Professions Code section 17200, *et seq*.

61.     As a proximate cause of Defendants' unfair, unlawful and/or fraudulent business Practices, Plaza has been damaged and its remedies at law are inadequate.  Defendants should be required to make full restitution to Plaza in an amount significantly in excess of the jurisdictional limit.

## SEVENTH CAUSE OF ACTION

**(Contribution)**

**(By Plaintiff against Defendants and DOES 1-20)**

62.     Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

63.     Plaza is entitled to contribution from Defendants, and each of them, for the amount of damages awarded in favor of McDonough and/or Guerrero, against Plaza pursuant to and in accordance with the degree of relative fault attributed to Defendants, and each of them.

64.     By reason of the foregoing facts, and actual controversy has arisen between Plaza and Defendants, and each of them, in that Plaza alleges that it is entitled to a right of contribution against Defendants.  If Plaza is held liable to McDonough and/or Guerrero, such liability is attributable, in whole or in part, to the acts, omissions, conduct, and status of Defendants, and each of them.  Therefore, Plaza is entitled to be indemnified by Defendants and Defendants must contribute in an amount proportionate to the percentage of liability attributable to Defendants, and each of them.

DOCS 115723-000036/3963988.2

CASE NO.

**EIGHTH CAUSE OF ACTION**

**(Declaratory Relief)**

**(By Plaintiff against Defendants and DOES 1-20)**

65.    Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

66.    An actual and substantial controversy has arisen and now exists regarding ADP's obligation to indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints.

67.    Plaza contends that ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints.  ADP denies such obligation.

68.    By reason for the foregoing controversy, Plaza respectfully requests the Court make a judicial determination that ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints.

69.    Such a judicial determination is necessary at this time so that Plaza, and is appropriate because it will obviate the need for multiple future lawsuits between the same parties.

**DEMAND FOR JURY**

70.    Plaintiff DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

13

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants, and each of them, as follows:

1.  For compensatory damages according to proof at trial as stated in the foregoing claims and in an amount significantly in excess of the jurisdictional limit, or such other sum as may be proven at trial or hearing;

2.  For incidental, consequential and non-economic damages, according to proof at trial;

3.  For an award of attorneys' fees as allowed by contract, statute or otherwise;

4.  For costs of suit incurred herein, including expert costs;

5.  For an award of pre-judgment and post-judgment interest as allowed by law;

6.  For a judicial determination and declaration that ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints; and

7.  For such other and further relief as the Court deems just and proper.

DATED: March 16, 2020

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: _____
John D. Alessio
Zagros S. Bassirian
Attorneys for Plaintiff,
Plaza Home Mortgage, Inc.

14

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John D. Alessio (SBN 174900) / Zagros S. Bassirian (SBN 299581) Procopio, Cory, Hargreaves & Savitch LLP 525 B Street, Suite 2200 San Diego, CA 92101 TELEPHONE NO.: 619.238.1900   FAX NO.: 619.235.0398 ATTORNEY FOR *(Name):* Plaintiff Plaza Home Mortgage, Inc. | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **03/16/2020** at 05:26:42 PM Clerk of the Superior Court By Lee McAlister, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: Plaza Home Mortgage, Inc. v. Automated Data Processing, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2020-00016686-CU-BC-CTL |
|---|---|---|
| ☒ Unlimited  ☐ Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☒ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 20, 2020
John D. Alessio
_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

Exhibit A
Page 000027

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD *(e.g., assault, vandalism)*
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A
Page 000028

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:      330 W Broadway
MAILING ADDRESS:     330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7073

PLAINTIFF(S) / PETITIONER(S):      Plaza Home Mortgage Inc

DEFENDANT(S) / RESPONDENT(S):  Automated Data Processing Inc

PLAZA HOME MORTGAGE INC VS AUTOMATED DATA PROCESSING INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2020-00016686-CU-BC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:   Joel R. Wohlfeil                                        Department: C-73

**COMPLAINT/PETITION FILED:** 03/16/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/29/2021 | 01:30 pm | C-73 | Joel R. Wohlfeil |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 01-17)                          **NOTICE OF CASE ASSIGNMENT**                          Page: 1

Exhibit A
Page 000029



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page: 2



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2020-00016686-CU-BC-CTL        CASE TITLE: Plaza Home Mortgage Inc vs Automated Data Processing Ir

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _**and**_
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A
Page 000031

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit A

Page 000032

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Plaza Home Mortgage Inc |
|---|

| DEFENDANT(S): Automated Data Processing Inc DBA ADP LLC |
|---|

| SHORT TITLE: PLAZA HOME MORTGAGE INC VS AUTOMATED DATA PROCESSING INC [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2020-00016686-CU-BC-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                                    Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                _____
Name of Plaintiff                               Name of Defendant

_____                _____
Signature                                       Signature

_____                _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____                _____
Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/28/2020                               _____
                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

Exhibit A
Page 000033

F **I** **L** **E** D
Clerk of the Superior Court

DEC 3 1 2019

By: A. HUSTED, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| IN RE PROCEDURES REGARDING ELECTRONICALLY IMAGED COURT RECORDS, ELECTRONIC FILING, AND ACCESS TO ELECTRONIC COURT RECORDS IN CIVIL AND PROBATE CASES | GENERAL ORDER OF THE PRESIDING DEPARTMENT<br><br>ORDER NO. 010120-22 |
|---|---|

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. ELECTRONIC FILING AND IMAGING PROGRAM

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program (the "Program" or "Imaged Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files, and allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories. The Program has since been expanded to other divisions as well as to probate cases.

The Program is being implemented in phases:

Phase One: The court began scanning all papers in newly filed cases in designated divisions and departments. The imaged documents are stored in an electronic court file that can be viewed in the Business Offices and are accessible remotely through the Register of Actions on the court's website as set forth below. Imaged Program cases that are reassigned or transferred to

a department outside of the Program may be removed from the Program and converted to a paper filing system.

Phase Two:  E-Filing access was implemented to allow E-Filing by counsel and parties through the court's E-File Service Provider in designated case types.

Phase Three:  On October 2, 2017, the Imaged Program expanded to small claims cases. All new small claims cases filed on or after October 2, 2017, are imaged and the documents are being stored in an electronic court file that is available for viewing in all of the court's Business Offices.

2.  THE ELECTRONIC COURT FILE IN IMAGED CASES IS THE OFFICIAL COURT RECORD

Pursuant to Government Code section 68150 and California Rules of Court ("CRC"), rule 2.504, the electronic court file in Imaged Program cases is certified as the official record of the court.  The paper filings that are imaged and stored electronically will be physically stored by the court for 30 days after filing, after which time they will be shredded and recycled, except for original wills and bonds in probate cases, which will be physically retained by the court for the period required by law.  During this 30-day period, these documents will not be stored in a manner that will allow a party or its attorney to access them, and access will only be granted by order of the court upon a showing of good cause.

3.  CIVIL AND PROBATE CASES INCLUDED IN THE PROGRAM

The following cases have been or will be imaged and stored in an electronic court file, and are considered Imaged Program cases:

a.   Civil cases initiated after a particular department or division began participating in the imaging program;

b.  Civil class actions, construction defect cases, JCCP cases, consolidated and coordinated actions where all cases involved are imaged cases, and actions that are provisionally complex under CRC, rule 3.40-3.403 (as set forth in the Civil Case Cover Sheet).   "Complex cases" include antitrust/trade regulation, mass tort,

environmental/toxic tort, and securities litigation cases, as well as insurance coverage claims arising from these case types;

c. Probate cases filed on or after March 1, 2012 and all probate cases initiated prior to March 1, 2012 in which the Court has notified the parties that the case has been back scanned;

d. All new civil and probate cases; and,

e. All small claims cases filed on or after October 2, 2017.

4. <u>MANDATORY AND PERMISSIVE ELECTRONIC FILING</u>

Mandatory electronic filing through the court E-File Service Provider One Legal is required for all case types listed in paragraph 3.b. above, including construction defect and other cases previously filed through File&Serve Xpress (fka LexisNexis File&Serve). Further information can be found on the court's website, at www.sdcourt.ca.gov.

Electronic filing is encouraged in all other imaged cases.

5. <u>GENERAL E-FILING REQUIREMENTS</u>

Documents can only be electronically filed through the court's electronic service provider One Legal (the "Provider"). E-file Provider information is available on the court's website.

All E-filers shall comply with CRC, rules 2.250-2.261 and California Code of Civil Procedure ("CCP") § 1010.6. All documents E-filed with the court must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image. E-filers are required to comply with the provisions of the E-Filing Requirements Documents, located on the Court's website at www.sdcourt.ca.gov. Civil E-Filing Requirements can be found on the Civil Division's E-Filing page; Probate E-Filing Requirements can be found on the Probate Division's E-Filing page.

The receipt and filing of documents submitted electronically is governed by CCP 1010.6 and CRC, rule 2.259. The Court's filing deadline is 11:59:59 p.m. (Pacific Time) on court days. The electronic transmission of a document to the Court can take time, so waiting until shortly before the deadline to electronically transmit a filing is not advised, as it could be received by the

court after 11:59:59 p.m. and deemed filed the next court day. Per CRC, rule 2.259(a)(4), **the filer** is responsible for verifying that the court received and filed any document submitted electronically. Please see One Legal's website for filing instructions. To the extent any San Diego Superior Court Local Rules set forth a different time deadline for filing electronic documents, the applicable portions of the Local Rules are no longer valid.

Additional and more specific information on electronic filing can be found on the court's website at www.sdcourt.ca.gov.

6. FILING AND SERVICE REQUIREMENTS IN IMAGED CASES

a. Service of Notice: All parties filing new actions assigned to the imaging program shall serve on all parties a copy of the "Notice of Assignment to Imaging Department" with the complaint, cross-complaint, petition, claim, or other case initiating pleading. A copy of this notice will be provided to the filing party by the court clerk when case originating filings are processed.

b. "Imaged" Identifier: On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

c. Original Documents: Original underlying documents, other than wills and bonds in probate cases, that are relevant to a case should not be attached as exhibits to filed documents or filed in any other manner, as these documents will be imaged and the paper filings destroyed in accordance with this Order (except for those documents set forth in paragraph 6.d. below). Any original document, other than a will or bond in a probate case, that is included in a **filed** document in a case within the Program will be imaged and destroyed in accordance with this Order. Original documents may be **lodged** with the court, as necessary, under the procedures set forth in paragraphs 6.g. and 6.h. below.

d. Proposed Orders: Proposed orders should only be submitted with initial pleadings for an ex parte hearing, and should not be submitted for a law and motion

hearing until after the hearing is completed.

e. Exhibits: Any exhibits attached to a pleading presented for filing must have the exhibit tabs located at the bottom of the respective documents, in accordance with California Rules of Court, rule 3.1110(f), and each exhibit must be preceded by a cover page that contains solely the word "Exhibit" and the exhibit's identifying number or letter.

f.   Confidential Documents:   Any documents classified or considered confidential pursuant to statute, rule of court or local rule shall be filed with the court and will be imaged and destroyed in accordance with this order.  Access to the imaged confidential document(s) shall be as set forth in paragraph 7.d. below.

g. Civil Cases other than Probate:

(1) Lodged Documents:

The Notice of Lodgment itself must be filed with the court.  In accordance with California Rules of Court, rule 3.1302(b), the documents submitted with the notice must be lodged and not filed.  The lodged documents will not be imaged, will not be part of the official court file, and will be returned in the manner requested or recycled if no manner of return is specified.

(2) Documents in Support of Judgments:

Applications for entry of a judgment that include an instrument, contract, or written obligation will have the relevant document(s) cancelled and merged if the judgment is entered, in accordance with California Rules of Court, rule 3.1806, after which the document will then be imaged and maintained in the electronic court record. The submitted document(s) will then be returned to the proffering party for safe-keeping.  Parties must provide a suitable method of return along with the submitted document(s). If no method of return is included, the document(s) will be shredded and recycled.

h. Probate Cases:

(1) Lodged Documents:

(a)  The Notice of Lodgment itself must be filed with the court.  In accordance with California Rules of Court, rule 3.1302(b) and San Diego Superior Court Rule 4.3.2 (F), the documents submitted with the notice must be lodged and not filed.  The lodged documents will not be imaged, will not be part of the official court file, and will be returned in the manner requested or recycled if no manner of return is specified.

(b)  A party filing a motion or other paperwork that refers to a trust or will document that was previously lodged with the petition must separately lodge the trust or will with these later-filed papers, in accordance with the procedures in paragraph 6.h.(1)(a) above.

(c)  In support of an accounting of assets as required by Probate Code section 2620 or an interim accounting required by San Diego Superior Court Rule 4.15.2, the originals of account statements, closing escrow statements, and bill statements for a residential or long-term care facility shall be lodged with the court, in accordance with the procedures in paragraph 6.h.(1)(a) above.  The lodged documents will not be imaged, will not be part of the official court file, and will be returned in the manner requested after the court's determination of the accounting has become final.

(2) Inclusion of Petition's ROA Number on All Pleadings:

Parties are ordered to comply with San Diego Superior Court Rule 4.3.1(B) and include the Petition's Register of Action (ROA) number directly below the case number on all subsequently filed pleadings related to that Petition.

7. UNDERLINE ENHANCED ELECTRONIC ACCESS TO OFFICIAL COURT FILE AND COURT DOCUMENTS

a. Access in Clerk's Business Offices:  Public kiosks providing free access to the official electronic record of the court files for cases being handled under the Program are available in the below Business Offices:

- Hall of Justice Civil Business Office, located at 330 West Broadway, San Diego, California 92101;
- East County Family Business Office, located at 250 E. Main Street, El Cajon, California, 92020;
- South County Family Business Office, located at 500 Third Avenue, Chula Vista, California, 91910;
- Central Courthouse, Probate Business Office, located at 1100 Union Street, San Diego, California, 92101; and
- North County Civil Business Office, located at 325 S. Melrose Drive, Vista, California, 92081.

The public may access these files and view all public portions of the files just as they currently can in the paper court files.  If there are people waiting to use the kiosks, a time limit of 20 minutes will be imposed.  Additional time will be permitted after waiting in line to use one of the kiosks again.  Any changes to this policy will be made by the Presiding Judge of the court and the new policy will be posted in the applicable Business Offices.

b. Notice Regarding Electronic Access:  In accordance with California Rules of Court, rule 2.504(d), the public accessing court records electronically, are advised the Manager of Central Court Civil and Family Operations, Summer Travis, is the court staff member who may be contacted about the requirements for accessing the court's records electronically in all divisions of the court supporting imaging and E-filing.

c. Copyright and other proprietary rights may apply to information in a case file, absent express grant of additional rights by the holder of the copyright or other proprietary right. In this regard, you are advised:

(1) Use of such information in a case file is permissible only to the extent permitted by law or court order; and

(2) Any use inconsistent with proprietary rights is prohibited.

d. Access to Confidential Documents: Court documents classified or considered confidential pursuant to statute or rule of court shall remain confidential and may not be released except to the extent necessary to comply with the law.

e. The electronic records of cases within the Program available for viewing in the Business Offices are the official records of the court. There is no charge for accessing or viewing court files in the Business Offices. Copies of any documents in an electronic court file may be obtained by paying the copy fees of $0.50 per page (Govt. Code § 70627(a)). Certified copies may be obtained by payment of a $25.00 fee (Govt. Code § 70626(a)(4)). Additional instructions about obtaining printed copies of records from the electronic court file will be provided at the kiosk locations in the applicable Business Offices.

f. Any person who willfully destroys or alters any court record maintained in electronic form is subject to the penalties imposed by Government Code section 6201.

g. No person shall photograph or otherwise record any digital images of documents displayed on the kiosk screens in the Business Offices.

h. Remote Electronic Access of Program Cases: Court documents from records of cases within the Program are available in electronic format for viewing and printing remotely to the extent permitted by California Law and/or California Rules

///
///
///

of Court, rule 2.503(b), by visiting the court's website at www.sdcourt.ca.gov and paying the required fees.

This Order shall expire on December 31, 2020, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated:  December 31, 2019

**HON. LORNA A. ALKSNE**
**PRESIDING JUDGE**

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC", rules 2.250 et seq., Code of Civil Procedure §1010.6, and San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

Effective March 4, 2013, documents may be filed electronically in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case has been imaged by the court and it displays as imaged on the case title in the Court's Register of Actions. Documents may be filed electronically in non-mandated civil cases in the North County Division where either: (1) the case is first

Revised January 2018

initiated on or after June 30, 2014; or (2) the case has been imaged by the court and it displays as imaged on the case title in the Court's Register of Actions.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are:  civil class actions, consolidated and coordinated actions where all cases involved are imaged cases, and actions that are provisionally complex under CRC 3.40 – 3.403 (as set forth in the Civil Case Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions).   "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types.

Effective June 2, 2014 Construction Defect and other cases, previously electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing and Service Provider, One Legal.  Documents electronically filed in Construction Defect and other cases prior to June 2, 2014 will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Court's internal CD/JCCP Document viewer kiosk located in the Civil Business Office, Room 225 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory eFiling that are initiated on or after March 4, 2013, all documents must be filed electronically, subject to the exceptions set forth below.   All documents electronically filed in a mandatory eFile Construction Defect/JCCP case must be electronically served on all parties in the case pursuant to CRC 2.251(c).

The court will maintain and make available an official electronic service list in Construction Defect/JCCP cases through One Legal.  This is the service list the court

Revised January 2018

will use to serve documents on the parties.  (See CRC 2.251(d).)  It is the responsibility of the parties to provide One Legal their correct contact information for the service list in each eFiled case in which they are involved. New parties who file and/or enter a case must provide One Legal with their electronic service address for that case within 7 days of the filing of or their joining the case. All parties must notify One Legal of any changes to that address, within 7 days of the change, should a change occur during the pendency of the action. (See CRC 2.251(f)(1).)  Failure to keep the official list updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings.

All documents must be filed electronically in cases designated for mandatory efiling, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing and/or service requirements.  This request must be in writing and may be made by ex-parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to eFile or electronically serve documents in a mandatory eFile case; however, they may eFile and electronically serve documents if they choose to do so and/or are otherwise ordered to eFile and/or electronically serve documents by the court.

**REQUIREMENTS FOR ALL eFILERS** eFile documents can only be filed through the court's Electronic Filing and Service Provider (the "Provider").  See www.onelegal.com.

Revised January 2018

eFilers must comply with CRC 2.250 – 2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

eFilers are required to enter all parties listed on the document being filed, if the party is not already a part of the case. (If the filer is submitting a new complaint, ALL parties must be entered.) If all parties are not entered, the transaction will be rejected.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked may be rejected and/or not considered. (See CRC 3.1110(f).)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID # noted in the upper right hand corner and hard copies of the exhibits.

Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format must be lodged and will not be filed.

All documents must be uploaded as individual documents within the same transaction, unless filing a Motion. [Example: A Request to Waive Court Fees must be uploaded separately from the document to which it applies, i.e. complaint, answer or other

Revised January 2018

responsive pleading, motion, etc...]  If filing a notice of motion, all documents can be scanned and uploaded as one document under a filing that most closely captures the type of motion.  All filings and exhibits within these filings must be bookmarked.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings.  Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3).  Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 11:59:59 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Electronically filed documents must be correctly named and/or categorized by Document Type.  The lead document must also be designated appropriately, as the lead document determines how the transaction will be prioritized in the work queue. Failure to correctly name the document and/or designate the lead document appropriately may result in a detrimental delay in processing of the transaction.

Revised January 2018

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

### DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING

The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO / RO
- Workplace Violence TRO / RO
- Elder Abuse TRO / RO
- Stand alone exhibits
- Transitional Housing Program Misconduct TRO / RO
- School Violence Prevention TRO / RO
- Out-of-State Commission Subpoena
- Undertaking / Surety Bonds
- Request for Payment of Trust Funds
- Notice of Appeal of Labor Commissioner

Revised January 2018

- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC §2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)

### DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised January 2018

Exhibit A
Page 000049