John D. Alessio (Bar No. 174900)
E-mail: john.alessio@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail: sean.sullivan@procopio.com
Zagros S. Bassirian (Bar No. 299581)
E-mail: zag.bassirian@procopio.com
PROCOPIO, CORY, HARGREAVES
 & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff
PLAZA HOME MORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAZA HOME MORTGAGE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATED DATA PROCESSING, INC., a Delaware corporation doing business as ADP, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 20-CV-1352-WQH-DEB<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **EXPRESS INDEMNITY;**<br>3. **EQUITABLE INDEMNITY;**<br>4. **UNFAIR COMPETITION (BUS. & PROF. CODE § 17200 *ET SEQ.*); AND**<br>5. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PLAZA HOME MORTGAGE, INC., a California corporation ("**Plaza**"), hereby complains and alleges as follows:

## THE PARTIES

1. At all times herein mentioned, Plaza was and is a California corporation with its headquarters in San Diego, California.

2. Plaza is informed and believes, and on that basis alleges, that Defendant AUTOMATED DATA PROCESSING, INC., is a Delaware corporation doing business as ADP, LLC ("**ADP**") with its headquarters in Roseland, New Jersey. Plaza is further informed and believes, and on that basis alleges, that ADP at all times mentioned herein was doing business in the State of California, including from ADP's San Diego office located at 1450 Frazee Road, San Diego, CA 92108.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists, as Plaintiff is a California corporation with its headquarters in San Diego, California, and ADP is a Delaware corporation with its headquarters in Roseland, Jew Jersey. The amount in controversy is satisfied as Plaza has incurred damages in excess of $75,000.

4. Venue is proper in this District under 28 U.S.C. § 1446(a) because this is the District and division within which this action was pending prior to ADP's notice of removal. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to Plaza's claims occurred in this District.

## GENERAL ALLEGATIONS

5. As a result of ADP's negligently designed and implemented payroll software, Plaza suffered harm and was damaged in an amount significantly in excess of the jurisdictional limit.

6. ADP is a payroll and human resources services provider that offers businesses a one-stop shop for all of their compliance needs, and Plaza relied on

ADP's expertise and paid significant sums for that service, which included Enhanced Payroll, Essential Time, Payroll & Tax Support, Payroll Specialist, and Workforce Now Performance, among others.

7. ADP represents itself as a leader in time and attendance and compliance services. One "frequently asked question" on ADP's website is: "Why would I want ADP to process payroll for me?" ADP's answer: "In addition to taking work off your plate and freeing up time for you and your staff, ADP stays on top of changing rules and regulations – to help keep you compliant and protect you from potential fines and penalties."[1] ADP also states: "ADP payroll services help you save time with these convenient features: Automated and error-free online payroll processing."[2] "We've got your back for compliance and more. Rest easier, knowing that your payroll is always accurate, on time and in compliance. Our 2,500+ compliance and support specialists make it their job to stay on top of regulations – so you don't have to. You'll know you're in compliance with local, state, federal and global payroll and tax regulations, tax reform, overtime rules, FLSA, Health Care Reform, EEOC, new-hire reporting and much more."[3]

8. One of ADP's offered services is to create personalized employee handbooks based on federal and state employment laws, touting meal and break periods as a "must have" policy. ADP advises:

> A policy on meal and break periods informs employees of the frequency and duration of breaks as well as any rules or restrictions related to break periods. Rest periods, lactation breaks, and meal periods must be provided in accordance with the Fair Labor Standards Act (FLSA) and state and local laws.[4]

---

[1] https://www.adp.com/what-we-offer/payroll.aspx
[2] https://www.adp.com/what-we-offer/payroll.aspx
[3] https://www.adp.com/what-we-offer/payroll/payroll-for-50-1000-plus-employees.aspx#tab-a79cea99-f851-45ea-8aa8-74c9970d7f7b-3
[4] https://www.adp.com/-/media/Accountant/docs/Employee-Handbooks-eBook-2017-portal-version.ashx

9. On May 22, 2017, Plaza and ADP entered into the ADP Workforce Now Comprehensive Services Master Services Agreement, including an Addendum thereto (the "2017 Agreement"). Key terms of the 2017 Agreement include, without limitation:

> Section 2.A. Services: ….ADP will provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.
>
> Section 2.E.ii. Design of the Services: ADP will design the Services, including the functions and processes applicable to the performance of the Services, to assist the Client in complying with its legal and regulatory requirements applicable to the Services, and ADP will be responsible for the accuracy of such design.
>
> Section 7.C. General Indemnity:…ADP will indemnify, defend and hold Client harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services….

10. Plaza's internal policies were designed to comply with California wage and hour laws, and Plaza used the Services to comply with those legal and regulatory requirements. Plaza ensured all time and labor data inputted was accurate, complete, and delivered on time. Plaza provided ADP all necessary information and guidance related to its time and attendance policies and guidelines, and coordinated with ADP to establish standards for ADP in its execution of the Services.

11. When Plaza began using ADP's services, ADP did not ask Plaza to select the laws it wanted ADP to incorporate into its services. Further, ADP never informed Plaza that it would not implement aspects of California wage and hour laws, including, without limitation, meal period penalties, unless specifically requested to do so. Plaza purchased the "peace of mind" ADP was selling, and Plaza reasonably expected ADP's software to be free from defects with respect to its ability to catch and account for wage and hour violations.

12. The following describes inexcusable negligence by ADP that has exposed Plaza to serious and catastrophic liability to third parties for their own loss.

13. Plaza employees entered their time in the ADP "TA Module," and ADP assigned a pay code based on the data provided. ADP programed the pay codes, and the pay codes dictated how the employees were paid. Under California law, when an employer fails to provide a proper meal break to a nonexempt employee, the premium (penalty) owed is one hour of extra pay for each work day that this occurs. In September of 2016, Plaza notified ADP that ADP was not identifying missed meal periods, meaning ADP's software was not recognizing the need to pay those premiums.

14. On September 7, 2016, ADP advised that changes were made to comply with the Meal Period law for California. Prior to that time, as admitted by ADP, its Services were not capturing missed meal periods. Contrary to ADP's representations of error-free payroll processing, ADP's software was negligently designed and implemented.

15. After the pay code changes were allegedly implemented to comply with California wage and hour laws, something that should have occurred from the start, in April 2018 Plaza later discovered another defect within ADP's system. ADP's negligently designed software would only flag and pay meal period premiums for the 5 hour premium, regardless of a missed 10 hour premium. To mitigate its potential liability, in the spring of 2018, Plaza paid missed meal period premiums to

approximately 104 current and former employees.

16. On or around April 3, 2018, Plaza received a wage and hour demand from counsel representing multiple Plaza ex-employees. On April 12, 2018, Plaza sent ADP a litigation hold notice and put ADP on notice of the demand. Plaza requested a litigation hold be placed on any and all Plaza-related wage and hour records maintained by ADP for a period of four years, with a starting date of March 28, 2018. ADP failed to respond, and Plaza sent a follow up e-mail on April 25, 2018. More stunning was ADP's April 26, 2018 refusal to agree to the preservation demand.

17. Thereafter, on or around April 23, 2018, Leslie McDonough filed a class action complaint against Plaza alleging seven causes of action, including the violation of Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums).[5] On or around June 6, 2018, Mario Guerrero filed a separate representative action pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code §§ 226.7 and 512(a).[6]

18. Plaza provided copies of the McDonough and Guerrero complaints to ADP and requested that ADP confirm it would honor its agreement to indemnify, defend, and hold Plaza harmless pursuant to the terms of their agreement. ADP breached its obligations to Plaza, including, without limitation, its breach of the 2017 Agreement, by refusing to indemnify, defend, and hold Plaza harmless for the claims asserted in the McDonough and Guerrero actions that arise from ADP's negligent performance of the Services.

19. On information and belief, ADP sought to prevent performance under the 2017 Agreement and withhold its benefits from Plaza by providing a bad-faith reason in support of its decision to deny Plaza's request for indemnity. Contrary to

---

[5] *Leslie McDonough v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No: 37-2018-00020121-CU-OE-CTL.

[6] *Mario R. Guerrero v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No.: 37-2018-00027882-CU-DE-CTL.

6
FIRST AMENDED COMPLAINT
DOCS 115723-000036/4159838.3                                    CASE NO. 20-CV-1352-WQH-DEB

the terms of the 2017 Agreement and the written correspondence between the parties, ADP responded by saying ADP had the accurate design to comply with the legal and regulatory requirements of California law, however, ADP claimed Plaza "failed to give instructions to implement it." A stark contrast to ADP's statement that: "Our 2,500+ compliance and support specialists make it their job to stay on top of regulations – so you don't have to. You'll know you're in compliance with local, state, federal and global payroll and tax regulations, tax reform, overtime rules, FLSA, Health Care Reform, EEOC, new-hire reporting and much more."

20. As a result of ADP's bad-faith denial of its obligation to indemnify Plaza, Plaza has had to pay, and continues to pay, defense costs out-of-pocket – costs which ADP still has not paid for no defensible reason. On information and belief, ADP has failed to undertake its obligation to indemnify, defend, and hold Plaza harmless because it is more interested in avoiding the obligation, and thus, put its own interests above that of Plaza.

21. Subsequent to the filing of the McDonough and Guerrero complaints, Plaza uncovered additional meal period flagging errors by ADP's negligently designed software for the period of time after ADP confirmed changes were made to Pay Class CAHRLY, CAPTHRLY, and CATEMPHRLY "to comply with the Meal Period law for California." Specifically:

(a) If an employee never entered a meal period and simply entered a full day of work, ADP failed to identify a meal period violation. For example, an employee's time entry of 8:00 a.m. to 4:00 p.m. would not result in ADP flagging a meal period violation for the missed meal period;

(b) ADP failed to flag missed and short second meal periods. This affected a group of employees who worked shifts longer than 10 hours;

(c) "Short" meal periods that were between 20-29 minutes in length did not result in a meal period premium payment;

(d) Employees were not paid for late meal periods that were taken at 5 hours

7
FIRST AMENDED COMPLAINT
DOCS 115723-000036/4159838.3                                    CASE NO. 20-CV-1352-WQH-DEB

and 1 minute (or more) into the employee's shift. A meal period that starts 5 hours and 1 minute into the shift would be considered "late" and should have resulted in ADP flagging the late meal period so Plaza could pay the employee a meal period premium payment.

22. If ADP's Services were designed in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed, and in line with ADP's advertising statements, the above errors would not have occurred.

23. On or around January 24, 2020, Guerrero dismissed his complaint and filed a new class-action complaint along with McDonough, alleging unpaid meal period premiums.[7] The cases were combined into one.

## FIRST CAUSE OF ACTION

## (Breach of Contract)

## (By Plaintiff against ADP)

24. Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

25. On or about May 22, 2017, Plaza and ADP entered into the 2017 Agreement, wherein ADP agreed to provide Services to Plaza pursuant to the terms stated therein.

26. Plaza has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the 2017 Agreement. This includes, without limitation, Plaza ensured all time and labor data inputted was accurate, complete, and delivered on time. Plaza provided ADP all necessary information and guidance related to its time and attendance policies and guidelines, and coordinated with ADP to establish standards for ADP in its execution of the Services.

---

[7] *Mario R. Guerrero, et al. v. Plaza Home Mortgage, Inc.*, Superior Court for the State of California, County of Imperial, Case No.: ECU001150.

27. ADP has breached the 2017 Agreement by failing to provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.

28. As alleged above, Plaza employees entered their time in the ADP "TA Module," and ADP assigned a pay code based on the data provided. ADP programed the pay codes, and the pay codes dictated how the employees were paid. Under California law, when an employer fails to provide a proper meal break to a nonexempt employee, the premium (penalty) owed is one hour of extra pay for each work day that this occurs. In September of 2016, Plaza notified ADP that ADP was not identifying missed meal periods, meaning ADP's software was not recognizing the need to pay those premiums.

29. On September 7, 2016, ADP advised that changes were made to comply with the Meal Period law for California. Prior to that time, as admitted by ADP, its Services were not capturing missed meal periods. Contrary to ADP's representations of error-free payroll processing, ADP's software was negligently designed and implemented.

30. After the pay code changes were allegedly implemented to comply with California wage and hour laws, in April 2018 Plaza later discovered another defect within ADP's system. ADP's negligently designed software would only flag and pay meal period premiums for the 5 hour premium, regardless of a missed 10 hour premium. To mitigate its potential liability, in the spring of 2018 Plaza paid missed meal period premiums to approximately 104 current and former employees.

31. Plaza uncovered additional meal period flagging errors by ADP's negligently designed software for the period of time after ADP confirmed changes were made to Pay Class CAHRLY, CAPTHRLY, and CATEMPHRLY "to comply with the Meal Period law for California." Specifically:

9
FIRST AMENDED COMPLAINT

(a) If an employee never entered a meal period and simply entered a full day of work, ADP failed to identify a meal period violation. For example, an employee's time entry of 8:00 a.m. to 4:00 p.m. would not result in ADP flagging a meal period violation for the missed meal period;

(b) ADP failed to flag missed and short second meal periods. This affected a group of employees who worked shifts longer than 10 hours;

(c) "Short" meal periods that were between 20-29 minutes in length did not result in a meal period premium payment;

(d) Employees were not paid for late meal periods that were taken at 5 hours and 1 minute (or more) into the employee's shift. A meal period that starts 5 hours and 1 minute into the shift would be considered "late" and should have resulted in ADP flagging the late meal period so Plaza could pay the employee a meal period premium payment.

32. If ADP's Services were designed in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed, the above errors would not have occurred.

33. On or around April 3, 2018, Plaza received a wage and hour demand from counsel representing multiple Plaza ex-employees. On April 12, 2018, Plaza sent ADP a litigation hold notice and put ADP on notice of the demand. Plaza requested a litigation hold be placed on any and all Plaza-related wage and hour records maintained by ADP for a period of four years, with a starting date of March 28, 2018. ADP failed to respond, and Plaza sent a follow up e-mail on April 25, 2018. More stunning was ADP's April 26, 2018 refusal to agree to the document preservation demand.

34. Thereafter, on or around April 23, 2018, Leslie McDonough filed a class action complaint against Plaza alleging seven causes of action, including the

violation of Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums).[8]  On or around June 6, 2018, Mario Guerrero filed a separate representative action pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code §§ 226.7 and 512(a).[9]

35. Plaza provided copies of the McDonough and Guerrero complaints to ADP and requested that ADP confirm it would honor its agreement to indemnify, defend, and hold Plaza harmless pursuant to the terms of their agreement.  ADP breached its obligations to Plaza, including, without limitation, its breach of the 2017 Agreement by refusing to indemnify, defend, and hold Plaza harmless for the claims asserted in the McDonough and Guerrero actions that arise from ADP's negligent performance of the Services.

36. On information and belief, ADP sought to prevent performance under the 2017 Agreement and withhold its benefits from Plaza by providing a bad-faith reason in support of its decision to deny Plaza's request for indemnity.  Contrary to the terms of the 2017 Agreement and the written correspondence between the parties, ADP responded by saying ADP had the accurate design to comply with the legal and regulatory requirements of California law, however, ADP claimed Plaza "failed to give instructions to implement it."  As a result of ADP's bad-faith denial of its obligation to indemnify Plaza, Plaza has had to pay, and continues to pay, defense costs out-of-pocket – costs which ADP still has not paid for no defensible reason. On information and belief, ADP has failed to undertake its obligation to indemnify, defend, and hold Plaza harmless because it is more interested in avoiding the obligation, and thus, put its own interests above that of Plaza.

37. As a proximate result of ADP's breach of the 2017 Agreement, as alleged herein, Plaza has been damaged, as alleged herein, in an amount significantly

---

[8] *Leslie McDonough v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No: 37-2018-00020121-CU-OE-CTL.

[9] *Mario R. Guerrero v. Plaza Home Mortgage, Inc.*, Superior Court of the State of California, County of San Diego, Case No.: 37-2018-00027882-CU-DE-CTL.

in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs as allowed by law.

## SECOND CAUSE OF ACTION

### (Express Indemnity)

### (By Plaintiff against ADP)

38. Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

39. On or around May 22, 2017, Plaza and ADP entered into the 2017 Agreement, whereby ADP agreed to indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident.

40. Thereafter, due to ADP's negligence and/or willful misconduct, as alleged herein, ADP failed to provide the Services in a good, diligent and professional manner in accordance with industry standards, utilizing personnel with a level of skill commensurate with the Services to be performed.

41. On or around April 3, 2018, Plaza received a wage and hour demand from counsel representing multiple Plaza ex-employees. On April 12, 2018, Plaza sent ADP a litigation hold notice and put ADP on notice of the demand. Plaza requested a litigation hold be placed on any and all Plaza-related wage and hour records maintained by ADP for a period of four years, with a starting date of March 28, 2018. ADP failed to respond, and Plaza sent a follow up e-mail on April 25, 2018. More stunning was ADP's April 26, 2018 refusal to agree to the preservation demand.

42. On or around April 23, 2018, Leslie McDonough filed a class action complaint against Plaza alleging seven causes of action, including the violation of

Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums).

43. On or around June 6, 2018, Mario Guerrero filed a separate representative action pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code §§ 226.7 and 512(a).

44. On or around January 24, 2020, Guerrero dismissed his complaint and filed a new class-action complaint along with McDonough, alleging unpaid meal period premiums.

45. If McDonough, Guerrero, and any member of the defined class sustained damages as alleged in their complaints, these damages were caused, entirely or in part, by Defendants' negligently and/or intentionally designed and implemented software, and the alleged damages are due to no fault of Plaza.

46. Plaza gave written notice to ADP of the commencement of the McDonough and Guerrero complaints, requesting ADP honor its agreement to indemnify, defend, and hold Plaza harmless pursuant to the terms of the 2017 Agreement. ADP refused to indemnify, defend, and hold Plaza harmless pursuant to the terms of the 2017 Agreement.

47. Plaza has performed all the conditions and obligations to be performed on its part under the 2017 Agreement.

48. By reason of the foregoing, Plaza is entitled to indemnity from ADP for all claims, damages, and expenses arising out of or related to ADP's conduct as alleged herein, and in an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs as allowed by law.

## **THIRD CAUSE OF ACTION.**
### **(Equitable Indemnity)**
### **(By Plaintiff against ADP)**

49. Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

50. On or around April 23, 2018, Leslie McDonough filed a class action complaint against Plaza alleging seven causes of action, including the violation of Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums).

51. On or around June 6, 2018, Mario Guerrero filed a separate representative action pursuant to the Private Attorneys General Act (PAGA), also alleging a violation of Labor Code §§ 226.7 and 512(a).

52. On or around January 24, 2020, Guerrero dismissed his complaint and filed a new class-action complaint along with McDonough, alleging unpaid meal period premiums, defining the proposed class as all current and former hourly-paid or non-exempt employees who worked at Plaza within the State of California at any time during the period from April 23, 2014 to final judgment.

53. If McDonough, Guerrero, and any member of the defined class during the period of April 23, 2014 to May 21, 2017 sustained damages as alleged in the complaints, these damages were caused, entirely or in part, by Defendants' negligently and/or intentionally designed and implemented software, and the alleged damages are due to no fault of Plaza.

54. Plaza gave written notice to ADP of the commencement of the McDonough and Guerrero complaints, requesting ADP indemnify, defend, and hold Plaza harmless. ADP refused.

55. Plaza has performed all the conditions and obligations to be performed on its part.

56. By reason of the foregoing, and in equity and good conscience, Plaza is entitled to indemnity from ADP for all claims, damages, and expenses arising out of or related to ADP's conduct as alleged herein, and in an amount significantly in excess of the jurisdictional limit, plus interest, attorneys' fees, and costs as allowed by law.

## FOURTH CAUSE OF ACTION

**(Unfair Competition in Violation of Bus. & Prof. Code § 17200 *et seq.*)**

**(By Plaintiff against ADP)**

57. Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

58. As alleged herein, ADP engaged in an unfair or unlawful business act or practice, and/or unfair, deceptive, untrue, or misleading advertising as described above, in violation of Business & Professions Code section 17200, *et seq*.

59. As a proximate cause of ADP's unfair or unlawful business act or practice, and/or unfair, deceptive, untrue, or misleading advertising, as alleged herein, Plaza has suffered substantial injury it could not have reasonably avoided, including, without limitation, injury related to the McDonough and Guerrero complaints.

60. Plaza has been damaged and its remedies at law are inadequate. ADP should be required to make full restitution to Plaza in an amount significantly in excess of the jurisdictional limit. ADP should be required to make full restitution to Plaza for the difference between what Plaza paid for ADP's Services and what a reasonable consumer would have paid had it known of the defects in ADP's Services.

## FIFTH CAUSE OF ACTION

**(Declaratory Relief)**

**(By Plaintiff against ADP)**

61. Plaza incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

62. An actual and substantial controversy has arisen and now exists regarding ADP's obligation to indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses

of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints.

63. Plaza contends that ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints. ADP denies such obligation.

64. By reason for the foregoing controversy, Plaza respectfully requests the Court make a judicial determination to settle the parties' future rights and legal obligations with respect to whether ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints.

65. Such a judicial determination is necessary at this time in order for the parties to resolve their dispute as expressed in the instant action, and it will obviate the need for multiple future lawsuits between the same parties.

## DEMAND FOR JURY

66. Plaintiff DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against ADP, as follows:

1. For compensatory damages according to proof at trial as stated in the foregoing claims and in an amount significantly in excess of the jurisdictional limit, or such other sum as may be proven at trial or hearing;

2. For incidental, consequential and non-economic damages, according to proof at trial;

3. For an award of attorneys' fees as allowed by contract, statute or otherwise;

4. For costs of suit incurred herein, including expert costs;

5. For an award of pre-judgment and post-judgment interest as allowed by law;

6. For a judicial determination and declaration that ADP must indemnify, defend and hold Plaza harmless from and against any and all third party liabilities, claims, penalties, damages, forfeitures, suits, and the costs and expenses incident thereto (including the costs and expenses of defense, settlement and reasonable attorneys' fees), arising from the negligence or willful misconduct of ADP in its performance of the Services including any Incident, including, without limitation, with respect to the McDonough and Guerrero complaints; and

7. For such other and further relief as the Court deems just and proper.

DATED: August 13, 2020

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/John D. Alessio*
John D. Alessio
Sean M. Sullivan
Zagros S. Bassirian
Attorneys for Plaintiff
PLAZA HOME MORTGAGE, INC